# STATE OF FLORIDA v SANCHEZ
## Case No. 86-266-AC (County Court Case No. 31330,1BF)

Eleventh Judicial Circuit, Appellate Division, Dade County

September 1, 1987

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General, and **Terry L. Redford,** Assistant Attorney General, for appellant.

**Juan Ramirez, Jr.** for appellee.

Before HENDERSON, SHAPIRO, FULLER, JJ.

### OPINION OF THE COURT

SHAPIRO, Judge.

Appellant, THE STATE OF FLORIDA, appeals from an order of the lower Court granting Appellee's motion to suppress the results of a breathalyzer test on the basis that Appellee did not understand his rights under the implied consent law. For the reasons set forth herein, we reverse the lower Court's decision.

Where a breath test is conducted pursuant to a lawful arrest for driving under the influence, the results of such test are admissible even though a driver did not understand his rights under the implied consent law or understand he had a right to refuse to take the test. Sec. 316.1932, Fla. Stat. Additionally, there is no statutory requirement that a driver be informed of or understand his rights under this law or understand that he has a right to refuse to take the test.

In the instant case, the test was conducted pursuant to a lawful arrest. Appellee was given a form in Spanish which explained his rights under the law. He indicated he understood that if he refused to take the test his license would be suspended. Clearly, the requirements of the Statute were met and the results of the breathalyzer test should have been admitted into evidence. Based on the foregoing, the Order of the lower Court suppressing the test results be and the same is hereby reversed and the matter remanded to the lower Court with instructions to allow the test results into evidence.

Henderson, Fuller, JJ., concur.